IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

|  |  |
|---|---|
| DAVID BILES,<br><br>    Plaintiff,<br><br>vs.<br><br>QUENTON WHITE, et al.,<br><br>    Defendants. | No. 04-1169-T/An |

ORDER DISMISSING UNEXHAUSTED CLAIMS AGAINST
DEFENDANTS HUMPHRIES AND DOTSON WITHOUT PREJUDICE
ORDER GRANTING MOTION TO DISMISS FILED BY
DEFENDANTS WHITE, KEELING, AND HOLLAND ON REMAINING CLAIMS
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
ORDER ASSESSING APPELLATE FILING FEE

Plaintiff, David Biles, Tennessee Department of Correction (TDOC) inmate number 277934, an inmate at the Northeast Correctional Complex (NECX), who was formerly incarcerated at the Charles Bass Correctional Complex (CBCX)[1] and the Whiteville Correctional Facility (WCF), filed this pro se complaint under 42 U.S.C. § 1983, against Tennessee Department of Correction (TDOC) Commissioner Quenton White, CBCX Warden Flora Holland, CBCX Classification Coordinator George Keeling, WCF Classification Coordinator Rick Humphries, and WCF Warden Steven Dotson.

Biles alleged that he appealed a CBCX classification team decision to transfer him to the WCF in December of 2002. Biles alleged that he notified Warden Holland that he had problems with WCF inmate Carlos Futrell and Futrell's gang. He alleged that he was transferred to WCF before his appeal was resolved. Biles states that he wrote several Inmate Request Forms in attempts to speak with counselors at WCF about the threat to his safety,

---

[1] CBCX was known as the Middle Tennessee Correctional Complex in December 2002 and June 2003.

This document entered on the docket sheet in compliance
with Rule 58 and/or 79 (a) FRCP on ___8-17-05___



however, his requests were never answered. Biles alleges that he was attacked by Inmate Futrell and four other gang members on July 28, 2003, and sustained severe injuries. Biles further alleges that Warden Holland took six months to deny his appeal.

On February 3, 2005, the Court dismissed Biles' claims against a Jane Doe defendant and directed that service issue for the other defendants. As an initial matter, the Court has reviewed the record and determined that defendant Rick Humphries has not been served. Plaintiff filed this complaint on July 28, 2004. Service was attempted and the documents returned on February 24, 2005 unexecuted. Plaintiff has not supplied the Clerk with any additional information to assist the marshal with further attempts at service. Rule 4(m) of the Federal Rules of Civil Procedure requires service to be made upon a defendant within 120 days after the Court directs that service issue.

The Court further notes that plaintiff has not alleged that defendant Humphries was not responsible for or involved in the classification decision that resulted in his transfer to WCF. Plaintiff does not allege that he filed any grievance during his incarceration against Humphries for any reason. Accordingly, Biles has not alleged or demonstrated that he exhausted his administrative remedies on any claim against Humphries as required by Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000).

Accordingly, plaintiff's claims against Humphries are dismissed without prejudice due to plaintiff's failure to obtain service within 120 days and to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a) and Brown v. Toombs, 139 F.3d 1102 (6th Cir. 1998).

On March 24, 2005, defendant Dotson filed a motion to dismiss, accompanied by a memorandum in support. On April 11, 2005, defendants White, Keeling, and Holland filed a motion to dismiss, accompanied by a memorandum in support. Plaintiff has not responded to the defendants' motions to dismiss. Nevertheless, the initial complaint was verified in compliance with 28 U.S.C. § 1746, and the allegations therein must be considered in

determining whether to grant defendant's motion to dismiss. The bases for defendants' motion for summary judgment are:

1. Plaintiff's claims against defendant Dotson are unexhausted;

2. Plaintiff has failed to allege any action by defendants White or Keeling in the decision to transfer him to WCF; and

3. Plaintiff's claims against defendant Holland must be dismissed because her role was limited to denying Biles' administrative appeal.

When considering a motion to dismiss, the Court must "treat all of the well-pleaded allegations of the complaint as true." Miree v. DeKalb County, 433 U.S. 25, 27 n.1 (1977). See also Saylor v. Parker Seal Co., 975 F.2d 252, 254 (6th Cir. 1992). The Court must construe all the allegations in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). It must appear beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

Biles has not alleged that defendant Dotson was not responsible for or involved in the classification decision that resulted in his transfer to WCF. Plaintiff does not allege that Dotson had any knowledge that he was in danger while at WCF or that he filed any grievance during his incarceration which named Dotson for any act or failure to act which resulted in the attack and his injuries.

State prisoners who desire to bring civil rights claims are required to exhaust all available administrative remedies prior to filing suit in federal court. 42 U.S.C. § 1997e(a); Lavista v. Beeler, 195 F.3d 254, 256 (6th Cir. 1999). The prisoner has the burden of demonstrating that he has exhausted these remedies. Brown v. Toombs, 139 F.3d at 1104.

"A plaintiff who fails to allege exhaustion of administrative remedies through 'particularized averments' does not state a claim on which relief may be granted, and his

3

complaint must be dismissed sua sponte." Baxter v. Rose, 305 F.3d 486, 489 (6th Cir. 2002). Accordingly, the Court DISMISSES plaintiff's claims against defendant Dotson, without prejudice, pursuant to 42 U.S.C. § 1997e(a).

The mere fact that a defendant is in a position of authority does not allow imposition of liability against him. There is no respondeat superior liability under § 1983. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691, (1978); Copeland v. Machulis, 57 F.3d 476, 481 (6th Cir. 1995); Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984)(liability under § 1983 in a defendant's personal capacity must be predicated upon some showing of direct, active participation in the alleged misconduct); Jones v. City of Memphis, 586 F.2d 622, 624-25 (6th Cir. 1978).

In order for supervisory liability to attach, a plaintiff must prove that the official "did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on." Bass v. Robinson, 167 F.3d 1041, 1048 (6th Cir. 1999)(citations omitted). A plaintiff must show that the official "either encouraged the specific incident of misconduct or in some other way directly participated in it." Sheehee v. Luttrell, 199 F.3d 295, 300(6th Cir. 1999)(citations and quotations omitted). At the very least, "a plaintiff must show that the official ... implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." Id.

Biles' only allegation against defendant White states that White is the TDOC Commissioner. He alleges that defendant Keeling, as classification coordinator, was responsible for classifying and sending inmates to other prisons. Biles fails to allege that either defendant White or Keeling participated in the decision to classify and transfer him to WCF or had any knowledge that plaintiff would be at risk of attack at WCF. Biles alleges that defendant Holland, as Warden, is responsible for reviewing all classification appeals and that she reviewed his appeal. However, he does not allege that any of these three

4

defendants participated in or authorized the decisions and actions from which his grievance arose. Bellamy v. Bradley, 729 F. 2d at 421.

Defendants White and Keeling cannot be held liable on the basis of their positions within the TDOC or at CBCX, respectively. There is no respondeat superior liability under § 1983. Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984). Instead,

> [t]here must be a showing that the supervisor encouraged the specific instance of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinates.

Id. (citation omitted).

The complaint is devoid of allegations that defendants White and Keeling "at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinates," Bellamy, 729 F.2d at 421, or that the allegedly unconstitutional conduct described in the complaint was the direct result of either defendant's failure to perform a function he was legally obligated to perform, Doe v. Claiborne County, Tennessee, 103 F.3d 495, 511-12 (6th Cir. 1996). Accordingly, even if it is assumed that the plaintiff was subjected to any unconstitutional conduct during the reclassification and transfer determination, defendants White and Keeling are not liable to the plaintiff.

Furthermore, Holland's only participation in the events alleged in this complaint is her denial of the appeal of Biles' grievance. The denial of the appeal of a prisoner's grievance cannot in itself constitute sufficient personal involvement to state a claim of constitutional dimension. Simpson v. Overton, 79 Fed. Appx. 117, 2003 WL 22435653 (6th Cir. 2003); see also Martin v. Harvey, 14 Fed. Appx. 307, 2001 WL 669983, at *2 (6th Cir. 2001)("The denial of the grievance is not the same as the denial of a request to receive medical care."). Moreover, § 1983 liability may not be imposed against the defendants for "a mere failure to act" based upon information contained in the grievance. See Shehee v.

Luttrell, 199 F.3d 295, 300 (6th Cir. 1999); Lillard v. Shelby County Bd. of Educ., 76 F.3d 716, 727-28 (6th Cir. 1996).

Accordingly, plaintiff fails to state a claim against White, Keeling, and Holland upon which relief may be granted. Those defendants' motion to dismiss is GRANTED and the claims DISMISSED pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1915(e)(2)(B)(ii).

The next issue to be addressed is whether plaintiff should be allowed to appeal this decision in forma pauperis. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). Accordingly, with regard to the claims dismissed for want of exhaustion, any appeal of those claims would be subject to immediate dismissal. Accordingly, plaintiff would not yet be able to present those issues in good faith on appeal, and thus any appeal of those claims would be frivolous. In this case, for the reasons expressed above, there is no genuine issue of material fact that the remainder of plaintiff's claims fail to state a claim upon which relief can be granted. As reasonable jurists could not differ regarding this conclusion, the Court concludes that an appeal of the dismissal of those issues would also be frivolous.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith, and plaintiff may not proceed on appeal in forma pauperis.

The final matter to be addressed is the assessment of a filing fee if plaintiff appeals the dismissal of this case. The United States Court of Appeals for the Sixth Circuit has held that a certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in §

1915(b). McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997). McGore sets out specific procedures for implementing the PLRA. Therefore, the plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in McGore and § 1915(b).

IT IS SO ORDERED this 15th day of August, 2005.

JAMES D. TODD
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 24 in case 1:04-CV-01169 was distributed by fax, mail, or direct printing on August 17, 2005 to the parties listed.

---

K. Michelle Booth
PENTECOST GLENN & RUDD, PLLC
106 Stonebridge Blvd.
Jackson, TN 38305

Michael B. Schwegler
Office of the Attorney General
P.O. Box 20207
Nashville, TN 37202--020

David Biles
Northeast Correctional Complex
277934
P.O. Box 5000
Mountain City, TN 37683

James I. Pentecost
PENTECOST GLENN & RUDD, PLLC
106 Stonebridge Blvd.
Jackson, TN 38305

Honorable James Todd
US DISTRICT COURT